UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**
NOV - 3 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

NATHAN MOWERY.

    Plaintiff,

    v.

NATIONAL GEOSPATIAL
INTELLIGENCE AGENCY and GINA
HASPEL, *in her official capacity as Director
of the Central Intelligence Agency*,

    Defendants.

Civil Action No. 20-3170

Chief Judge Beryl A. Howell

## ORDER

Pending before the Court is plaintiff's Motion for Leave to File Plaintiff's Original Complaint and Request for Injunctive Relief and Damages Under Seal ("Pl.'s Mot."), ECF No. 3.[1]  For the reasons described below, the motion is denied without prejudice.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  Generally, a complaint must state the names of the parties and address of the plaintiff.  FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days

---

[1]  The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint."  LCvR 40.7(f); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances where filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. The court may, for good cause, "require redaction of additional information." FED R. CIV. P. 5.2(e)(1). Further, "[t]he court may order that a filing be made under seal without redaction," but also "order the person who made the filing to file a redacted version for the public record." FED. R. CIV. P. 5.2(d).

The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), courts should consider in determining whether the presumption in favor of open access may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)); *see also Leopold v. United States*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (explaining that unless "Congress has spoken directly to the issue at hand," the "common-law standard enshrined in the *Hubbard* balancing test" governs "[]sealing decisions" (internal quotation marks omitted) (quoting *Metlife*, 865 F.3d at 669)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife*, 865 F.3d at 666.

Plaintiff seeks to to file under seal portions of his complaint, which alleges religious discrimination and retaliation by the National Geospatial Intelligence Agency ("NGA") and the Central Intelligence Agency ("CIA"). Compl. at 1–2, ECF No. 1. Plaintiff's five-sentence motion to seal states that sealing of "positions, locations, and job duties" is warranted because of his interest in "protecting his personal identifying information" and because of the "sensitive nature of the national intelligence work" performed by plaintiff and other individuals referenced in the complaint. Pl.'s Mot. at 2. This information includes plaintiff's address. Redacted Compl. at 1, ECF No. 2. Plaintiff does not, however, explain whether the relevant information is confidential, what harm might result from disclosure, or address any of the *Hubbard* factors, let alone provide facts upon which the analysis demanded by *Hubbard* could be performed. Absent anything more than plaintiff's unexplained assertions, the "strong presumption in favor of public access to judicial proceedings" is unrebutted. *Hardaway*, 843 F.3d at 980.

Courts frequently seal information or allow parties to proceed pseudonymously when national security concerns are implicated, if the parties can show that the relevant information is not publicly available and should not be for reasons of national security. *See, e.g., Peary v. Goss*, 365 F. Supp. 2d 713, 716 n.1 (E.D. Va. 2005) (noting that plaintiff, a former CIA officer, "has adopted a pseudonym for the purpose of this litigation to preserve CIA operational security"). Plaintiff has not provided enough detail, however, for the Court to determine that the relevant information is not publicly available and that publishing it would endanger national security. Should plaintiff wish to file again, he must address the *Hubbard* factors and explain the national security significance of the information he seeks to seal.

Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion for Leave to File Plaintiff's Original Complaint and Request for Injunctive Relief and Damages Under Seal is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed not to file the plaintiff's Complaint until the plaintiff submits notice that the motion to seal is withdrawn and the plaintiff seeks to proceed with filing the Complaint on the public docket.

**SO ORDERED.**

Date: November 3, 2020

_____
BERYL A. HOWELL
Chief Judge